# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 03-2813V
Filed: September 3, 2014
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| HOLLY CIOCHETTI and | \* |
| PATRICK MACAULAY, | \* |
| parents of S.M., a minor, | \*   Decision on Interim Attorneys' |
|  | \*   Fees and Costs |
| Petitioners, | \* |
| v. | \* |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS** [1]

On December 12, 2003, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that S.M. was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. On September 2, 2014, the parties filed a stipulation concerning interim attorney's fees and costs in this matter. The parties' stipulation requests a total payment of $26,650.00, representing attorneys' fees and costs

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

of $26,500.00, and $150.00 for Petitioners' own litigation expenses.  Respondent does not object to an award in that amount.

I find that an award of interim attorneys' fees and costs is appropriate in this case.  Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit.  *Avera v. HHS*, 515 F.3d. 1343; *Shaw v. HHS*, 609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act.").  *See also* Vaccine Rule 13(b).

**The request for interim attorneys' fees and costs is hereby granted.**  Petitioners are awarded  reasonable interim attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amount requested is reasonable and appropriate.  Accordingly, I hereby award the following interim attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- a lump sum of $26,500.00, in the form of a check payable jointly to Petitioners and Petitioners' current counsel of record, Harry G. Potter, which represents compensation for services performed by counsel on Petitioners' behalf, and related costs. (Included within this total is an unspecified amount to compensate Petitioners' previous counsel, Clifford J. Shoemaker, and that amount *should be* distributed by Mr. Potter accordingly.)

- a lump sum of $150.00, in the form of a check payable to Petitioners, which represents petitioner's own litigation expenses in this case.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).